White, C. J.
The statute on the subject of nuncupative wills is as follows :
“A verbal will, made in the last sickness, shall be valid in respect to personal estate, if reduced to writing, and subscribed by two competent disinterested witnesses, within ten days after the speaking of the testamentary words; and if it be proved, by said witnesses, that the testator was ■of sound mind and memory, and not under any restraint, and called upon some persons present, at the time the testamentary words were spoken, to hear testimony to said disposition as his will.”
Counsel for the plaintiffs in error contends that the admission of the alleged will to probate, by the probate court, is conclusive evidence that the testamentary words, reduced to writing and recorded, are those of the testator.
As under our system of admitting wills to probate, in the first instance, the court is only authorized to examine the witnesses to the will, and such other witnesses as any person interested in having the same admitted to -probate may desire, the effect of this claim is to preclude persons interested in resisting the probate from giving any evidence to contest the validity of the will, by showing that the tes *41 •tamentary words were never spoken. Hathaway’s Will, 4 Ohio St. 383.
But the claim of the plaintiffs in error is founded on a misapprehension of the nature of the jurisdiction exei’■cised by the court in trying the contest of a will. The jurisdiction exercised in all such cases by the court and jury is virtually that of a court of probate, charged with the ■duty of finally establishing or rejecting the will. The proceeding to admit the will to probate in the first instance, 'is in its nature ex parte; the proceeding by contest is a suit ■inter partes. Mears v. Mears, 15 Ohio St. 96; Converse v. Starr, 23 Ohio St. 498.
Every fact wdiich is required to be proved, in order to admit the will to probate as valid, may, on the contest of the will, be disproved for the purpose of showing it to be invalid.
The statute provides that a verbal will shall be valid in respect to personal estate, under certain prescribed conditions. One of these conditions is that the verbal will shall have been reduced to writing within the time and in the manner prescribed.
Whether this condition, as well as the others required by the statute, had been complied with, were questions of fact to be submitted to the jury, on the evidence. The order of probate was prima facie evidence that the conditions had been complied with; but this prima facie case it was competent for the contestors to rebut and overcome by -other evidence.
The exception to the charge is, therefore, not well taken.

Leave refused.